**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4428**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HAKIM ABDULAH RASHID, a/k/a Rodney Buchanan,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00941-RBH-1)

Submitted:  July 22, 2013        Decided:  August 26, 2013

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, KENDRICK & LEONARD, P.C., Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hakim Abdulah Rashid appeals from his sentence of 262 month' imprisonment following his guilty plea to conspiracy to distribute fifty grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2006). Rashid argues that the district court erred in several respects when determining his sentence. We disagree and affirm.

First, Rashid argues that the district court erred in determining drug quantity and in imposing enhancements for possession of a firearm and a leadership role in the offense. Rashid contends that the evidence supporting the district court's findings of fact did not bear the requisite indicia of reliability because the evidence was comprised primarily of hearsay statements from cooperating witnesses, each of whom Rashid claims had an incentive to exaggerate the extent of his criminal conduct. We conclude, however, that Rashid's blanket assertion fails to show an abuse of discretion or clear error. See United States v. Perez, 609 F.3d 609, 612 (4th Cir. 2010) (when assessing a challenge to the district court's application of the Guidelines, factual findings are reviewed for clear error); United States v. Rhynes, 206 F.3d 349, 383 (4th Cir. 1999) (district court's determination that evidence is reliable enough to be relied on at sentencing is reviewed for abuse of discretion).

2

A district court must find facts relevant to sentencing by a preponderance of the evidence and may accomplish this task by referencing a wide variety of informational sources. Perez, 609 F.3d at 614; see United States v. Tucker, 404 U.S. 443, 446 (1972) (during sentencing, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come"). The sentencing court's inquiry is not subject to the rules of evidence and, instead, is constrained only by the Guidelines and due process, which both require that evidence considered at sentencing exhibit a "sufficient indicia of reliability to support its accuracy." United States v. Nichols, 438 F.3d 437, 439-40 (4th Cir. 2006); see U.S. Sentencing Guidelines Manual § 6A1.3, cmt. (2010).

In applying this standard, we have authorized district courts to consider uncorroborated hearsay when making factual findings at sentencing, so long as the hearsay evidence is appropriately reliable. See, e.g., Perez, 609 F.3d at 618 n.4. Although such evidence must go beyond wholly unsupported allegations, the evidence must only bear "some minimal indicia of reliability" to satisfy due process. Rhynes, 206 F.3d at 383. Accordingly, contrary to Rashid's suggestion, the mere fact that information originated from an individual who may have had a motive to lie or embellish the truth does not

3

automatically render that information uniquely suspect or otherwise incompetent for sentencing purposes. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (defendants have an "affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate.").

During Rashid's sentencing hearing, the district court appropriately ensured that the information on which the court ultimately relied was sufficiently dependable and accurate. Rashid has produced no authority suggesting that it was error for the district court to accomplish this task through the testimony of a law enforcement officer who was extensively involved in investigating Rashid and his coconspirators. See United States v. Pratt, 553 F.3d 1165, 1170-71 (8th Cir. 2009) (at sentencing, district court did not err in relying on hearsay statements of defendant's coconspirators as related through law enforcement officer where such statements were generally consistent with each other and other evidence). Rashid offered no evidence to contradict the information contained in his presentence report or otherwise support his contention that the information was unreliable. Accordingly, we conclude that the district court's reliability determinations and findings of fact when sentencing Rashid are not tainted by an abuse of discretion or error, clear or otherwise.

4

Nor do we find error in the district court's refusal to grant Rashid a reduction in offense level for acceptance of responsibility. As the district court explained, Rashid's extensive objections to the presentence report amounted to a denial of a majority of the conduct Rashid admitted in connection with his guilty plea. Accordingly, Rashid's claim that the district court penalized him for making good-faith objections to his presentence report rings hollow. See United States v. McKenzie-Gude, 671 F.3d 452, 463 (4th Cir. 2011).

Because we also find that Rashid's below Guidelines sentence is substantively reasonable, we affirm Rashid's sentence. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). We deny Rashid's pro se motions to supplement his counsel's reply brief and for the preparation of a transcript at the Government's expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED